UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Martin W. Ziegler and Joyce Fox-Ziegler, | Case No. 16-cv-3824 (JNE/SER) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| U.S. Department of Transportation, | |
| Defendant. | |

---

Martin W. Ziegler and Joyce Fox-Ziegler, Center City, Minnesota, *pro se.*

Pamela Marentette, Esq., United States Attorney's Office, Minneapolis, Minnesota, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant U.S. Department of Transportation's (the "DOT") Motion to Dismiss [Doc. No. 6] and Plaintiff Martin W. Ziegler's ("Ziegler") Motion in Opposition [Doc. No. 19]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for a Report and Recommendation. *See* (Order of Reference) [Doc. No. 15]. For the reasons stated below, the Court recommends granting the Government's Motion to Dismiss and denying Ziegler's Motion in Opposition.[1]

## I.   BACKGROUND

Plaintiffs Ziegler and Joyce A. Fox-Ziegler (collectively, "Plaintiffs") filed this action on

---

[1] Ziegler's Motion in Opposition opposes the Motion to Dismiss and seeks the same substantive relief sought in the Complaint. Because the Court recommends granting the Motion to Dismiss, it correspondingly recommends denying Ziegler's Motion in Opposition.

November 3, 2016, asserting a tort claim against the DOT.[2] (Compl.) [Doc. No. 1]. Plaintiffs allege that they were harmed financially when the DOT conducted prolonged road construction in front of their property. *See generally* (Compl.). Specifically, Plaintiffs seek damages totaling $862,000. *See* (*id.*).

The DOT noticed an appearance on December 12, 2016, but did not file an answer or otherwise respond to the Complaint. *See* (Notice of Appearance) [Doc. No. 4]. In May of 2018, the Honorable Franklin L. Noel, United States Magistrate Judge, instructed Plaintiffs to "1. File an application for entry of default unless the required pleading is filed within 10 days; or 2. Advise the Court in writing of any good cause to the contrary." (Order Dated May 7, 2018) [Doc. No. 5]. On May 25, 2018, Plaintiffs filed their Request for Entry of Default [Doc. No. 13], and on May 30, 2018, the DOT filed its Motion to Dismiss.

The DOT argues that Plaintiffs failed to serve it consistent with the Federal Rules of Civil Procedure, both because Plaintiffs failed to properly serve the United States as required when suing a federal agency, and because the Federal Rules require service within ninety days of filing a complaint. (Def.'s Mem. in Supp. of Mot. to Dismiss, "DOT's Mem. in Supp.") [Doc. No. 8]. Because the United States was not properly served, the DOT argues that no response is due under

---

[2] Arguably, Joyce A. Fox-Ziegler ("Fox-Ziegler") is not properly considered a plaintiff because she did not sign the Complaint and Ziegler is not a lawyer, meaning he cannot represent her. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); *see* 28 U.S.C. § 1654 (stating that "parties may plead and conduct their own cases personally or by counsel"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . in a court of the United States."); *Perkins v. Holder*, No. 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014) (Noel, Mag. J., as adopted by Magnuson, J.) ("[P]*ro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise).") . But because the Court recommends that this case dismissed, it does not address Fox-Ziegler's involvement in this action.

2

the Federal Rules of Civil Procedure, entry of default is not appropriate, and this case should be dismissed.[3] *See* (*id.* at 2, 2 n.1).

The DOT submitted multiple exhibits in support of its position, including a letter dated December 12, 2016, sent by an assistant U.S. attorney as counsel for the DOT. (Ex. A, Attached to Decl. of Pamela A. Marentette, "Marentette Decl.") [Doc. No. 10-1]. The letter informed Plaintiffs that the United States "has not been fully served in this case" and instructed Plaintiffs on how to perfect service. *Id.*

Plaintiffs contend that they are unsophisticated litigants and who did everything they believed they were required to do under the law. (Mot. in Opp'n). In addition, Plaintiffs assert that the Court ordered the Government to answer, "or a default judgment will be entered." (*Id.*).

The Court heard oral argument on September 4, 2018, and the matter is now ripe for adjudication. (Minute Entry Dated Sept. 4, 2018) [Doc. No. 22].

## II.   DISCUSSION

The DOT argues that the case should be dismissed because the United States was not properly served under the Federal Rules of Civil Procedure. *See* (Mot. to Dismiss); (DOT's Mem. in Supp.). The Court agrees that the Government has not been properly served and therefore recommends that the Motion to Dismiss be granted and this case be dismissed.

### A.   Legal Standard

In order to properly serve a U.S. agency, such as the DOT, a party must take three steps. First, a plaintiff must either deliver a copy of the summons and complaint to the U.S. attorney for the district, or to an assistant U.S. attorney or a previously designated clerical employee, or must

---

[3]   Plaintiffs' request for entry of default was denied on June 17, 2018 because the DOT had "not failed to plead or otherwise defend as required by Federal Rule of Civil Procedure 55(a)." (Letter from Clerk's Office) [Doc. No. 16].

3

send a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1). Second, the party must also send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* Third, the party must "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). A U.S. agency must respond to the complaint within sixty days of service on the U.S. attorney. Fed. R. Civ. P. 12(a)(2).

The plaintiff bears the burden of "having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). If a defendant is not served within ninety days after a complaint is filed, a court must either dismiss the action without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). A "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure. *Id.* "A showing of good cause requires at least excusable neglect—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (internal quotation marks omitted). "If [a] plaintiff fails to show good cause, the court still **may** extend the time for service rather than dismiss the case without prejudice." *Id.* Whether to dismiss an action for untimely service or to provide an extension of time to perfect service is within the court's discretion. *See id.* Regardless of whether an entity has actual notice of a lawsuit, a district court lacks jurisdiction over any entity not properly served. *Id.* at 885.

**B.     Analysis**

Plaintiffs' Complaint was filed on November 3, 2016. (Compl.). Therefore, they were required to perfect service by February 1, 2017, ninety days later. *See* Fed. R. Civ. P. 4(c)(1), (m). Here, nothing in the record demonstrates that Plaintiffs served the United States according to the

Federal Rules. Additionally, the DOT advised Plaintiffs that service was not proper, and they took no action. *See* (Marentette Decl. ¶ 3) [Doc. No. 10]; (Ex. A, Attached to Marentette Decl.). At the hearing, Ziegler stated that when the assistant U.S. attorney entered an appearance, he believed that meant the Government was aware of the lawsuit. Notice of a lawsuit is insufficient; the Federal Rules require proper service. *Adams*, 74 F.3d at 885. Plaintiffs failed to properly serve their complaint within ninety days of the filing of the lawsuit. *See* Fed. R. Civ. P. 4(c)(1), (m).

The Court must extend the time for service if good cause is shown for the failure to timely serve a complaint. Fed. R. Civ. P. 4(m). Good cause for untimely service may be found when the plaintiff is pro se. *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010). The DOT pointed out the service error, however, and Plaintiffs did not avail themselves of the opportunity to correct their mistake. *See* (Marentette Decl. ¶ 3); (Ex. A, Attached to Marentette Decl.). The Court cannot conclude that they had good cause—a "reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887; *see also id.* ("When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of the service attempted, there is no good cause for the resulting delay if that method of service fails."). In this circumstance, the Court may, in its discretion provide an extension of time to perfect service. *Id.* At this point, any extension would allow Plaintiffs to serve the Complaint more than a year and a half after the deadline provided in the Federal Rules of Civil Procedure. The Court concludes that such an extension is not warranted because Plaintiffs were advised of their mistake and took no action to correct it.[4]

---

[4]   The record suggests that the DOT also has a statute-of-limitations affirmative defense that would likely be successful. *See* (DOT's Mem. in Supp. at 2 n.1); (Ex. C, Attached to Marentette Decl.) [Doc. No. 10-3]. Nonetheless, this argument was made and discussed only in passing and is not the basis for the Court's decision in this Report and Recommendation.

Because the Plaintiffs failed to timely serve the Complaint within ninety days of filing it and an extension is not warranted, this Court lacks jurisdiction. *See id.* at 885. Therefore, the Court recommends the Motion to Dismiss be granted and this case be dismissed without prejudice.

## III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Defendant U.S. Department of Transportation's Motion to Dismiss [Doc. No. 6] be **GRANTED**;

2.   Plaintiff Martin W. Ziegler's Motion in Opposition [Doc. No. 19] be **DENIED**; and

3.   This case be **DISMISSED without prejudice**.

Dated: September 18, 2018

 *s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).